UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID R. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:07-cv-0196-RLY-TAB |
| | ) | |
| SUN MICROSYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DISCOVERY ORDER

**I. Introduction.**

Plaintiff David R. Lawson claims that Defendant Sun Microsystems owes him nearly $2.5 million as commission for securing a business relationship with IBM and J.P. Morgan Chase. [Docket No. 1, Ex. A.] Defendant argues that the STK Service Sales Executive Incentive Plan ("the STK Plan") is not applicable to Plaintiff but rather the Sun DMG Sales Compensation Plan ("the DMG Plan") applies, and that Defendant has paid Plaintiff all compensation owed to him under the DMG Plan. [Docket No. 12 at 9.] The parties disagree on the scope and timing of discovery. Pending before the Court is Plaintiff's motion to compel discovery responses from Defendant, [Docket No. 32], and Defendant's motion for an extension of time to provide supplemental discovery responses. [Docket No. 34.]

**II. Discussion**.

Plaintiff requests this Court to compel Defendant to do the following as soon as possible: (1) provide full and complete responses to Plaintiff's discovery requests; (2) produce

electronically stored information in its "native or other usable format"; and (3) provide a privilege log. [Docket No. 32.] Defendant provided a privilege log to Plaintiff on August 1, 2007, making Plaintiff's last request moot. [Docket No. 38, Ex. 16.] In addition to objecting to some of the requests made by Plaintiff, Defendant explains that it has produced documents for Plaintiff on three different occasions, but for various reasons it requests to have until November 15, 2007, to provide additional supplemental responses. [Docket No. 34.]

Plaintiff's first request is that Defendant be compelled to fully respond to Plaintiff's discovery requests. Specifically, Plaintiff alleges Defendant has failed to produce particular documents Plaintiff believes are in Defendant's possession. Plaintiff and Defendant also disagree on the scope of several of Plaintiff's requests.

Plaintiff contends that Defendant has failed to provide communications made by and to Defendant's employees regarding several different categories. Plaintiff identifies emails in his possession that fall into these categories that Defendant presumably also has but has not provided to Plaintiff (implying that related communications also exist that Defendant has not provided). [Docket No. 33 at 6-10.] Plaintiff also lists specific events for which he believes Defendant has relevant documents.

Defendant responds that it has given Plaintiff everything in its possession, but that it has also informed Plaintiff that its investigation for these documents is ongoing and that it will continue to provide Plaintiff with information as it becomes available, per Plaintiff's instructions. [Docket No. 38 at 6.] Defendant explains that it has limited staffing to secure electronic data, that the data is decentralized, and that Defendant is faced with discovery deadlines in other lawsuits.

Given Defendant's situation and the large amount of information requested by Plaintiff, the Court grants in part and denies in part Defendant's motion for extension of time to respond to discovery. [Docket No. 34.] Defendant shall be given until October 1, 2007, to fully and completely supplement its responses to Plaintiff's discovery requests. The parties shall be prepared to address any remaining discovery issues at the October 15, 2007, pretrial conference, and the Court will hold a hearing on any unresolved issues at that time if necessary.

Plaintiff and Defendant also disagree, to some extent, on the scope of the discovery requested by Plaintiff. A party is allowed to conduct discovery on "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Federal Rule of Civil Procedure 26(b)(1). Relevancy is construed broadly[1] and includes information that may not be admissible "provided that 'discovery appears reasonably calculated to lead to discovery of admissible evidence.'" *Mfg. Direct, LLC v. DirectBuy, Inc.*, 2007 WL 496382, *2 (N.D. Ind. February 12, 2007) (quoting *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("[Relevancy] has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). A court may limit discovery in several circumstances: "(1) [the discovery is] unreasonably cumulative or duplicative; (2) [the discovery is] obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit."

---

[1] Relevancy remains broadly construed despite an amendment in 2000 to Rule 26(b)(1) narrowing relevancy from that which is related to the subject matter to matters related to "claims or defenses." *Mfg. Direct, LLC v. DirectBuy, Inc.*, 2007 WL 496382, *2 (N.D. Ind. February 12, 2007); *Sanyo Laser Products Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003).

*Chavez*, 206 F.R.D. at 619; *see also* Fed. R. Civ. P. 26(b)(2).  The party opposing discovery has the burden of showing, with specificity, that the discovery is overly broad, unduly burdensome, or irrelevant.  *Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 254 (S.D. Ind. 2002).

Plaintiff specifically disputes objections Defendant made to Request Nos. 5, 8, 13, 14, 20, 22, and 25.  Plaintiff's primary contention is that Defendant's responses to these requests are unexplained "boilerplate objections."  [Docket No. 33 at 11.]  Regarding Request Nos. 5, 8, 20, and 22, despite Defendant's initial objection to these requests, Defendant claims it has produced to Plaintiff all documents in its possession responsive to these requests.  [Docket No. 38 at 6-8.]  The Court assumes that Defendant has no standing objections to these categories, has produced all documents in its possession for these categories, and will supplement as necessary by October 1, 2007.

Regarding Request Nos. 13 and 14, Defendant has not sufficiently explained why these requests are "overly broad and unduly burdensome."  [Docket No. 38 at 7.]   The explanation Defendant offers is:

> First, it is not disputed that the transaction took place and Sun Microsystems has already provided a substantial amount of documentation regarding the transaction between itself and IBM.  Second, Lawson contends that the existing relationship between Sun Microsystems and IBM, which was renewed, constitutes new business.  However, the pertinent Plan documents address the issue of whether a particular transaction constitutes new business or otherwise.  Finally, Sun Microsystems did produce forecasting material prepared by Paul Heidkamp in response to Request No. 9 (Bates Nos. SUN000359 – SUN000372).

[Docket No. 38 at 7-8.]  Defendant's first point—that Defendant has provided other documentation regarding the transaction—does not directly address Plaintiff's request, nor does it explain how Plaintiff's request is overly broad or unduly burdensome.  Defendant's second point—that "the pertinent Plan documents address the issue of whether a particular transaction

4

constitutes new business or otherwise"—seems to suggest that the only legitimate way to determine whether this transaction is new business or a renewal is to reference the "pertinent Plan." But which plan is pertinent is in dispute. Furthermore, this line of reasoning does not acknowledge the full scope of the complaint, which includes a quantum meruit claim. [Docket No. 1, Ex. A at 4.] Defendant's third point—that other forecasting material has been provided to Plaintiff—does not explain why providing further forecasting material is overly broad, unduly burdensome, or duplicative. Request Nos. 13 and 14 appear specific and clear, and Defendant has not met its burden to show why it should not provide this information. Therefore, to the extent Defendant has not already provided such documents, it shall do so by October 1, 2007.

     In Request No. 25, Plaintiff seeks "any and all Communications relating to the drafting of the DMG Plan"—the compensation plan that Defendant maintains applies to Plaintiff. [Docket No. 33, Ex. A at 11; Docket No. 12 at 9.] Defendant objects to this request because "it is overbroad and unduly burdensome," "it seeks information that is protected by the attorney client privilege and attorney work product doctrine," and because it "seeks information that is confidential and/or proprietary in nature." [Docket No. 33, Ex. B at 11-12.] Plaintiff argues that because only a few people drafted this plan, locating the information should not be unduly burdensome; that the information is relevant in that Plaintiff has reason to believe delays in the release of the plan were the direct result of Plaintiff's right to commission; and any privileged matters should be explained in the privilege log. [Docket No. 33 at 13.] Defendant responds that Plaintiff's definition of communication is very broad; that Defendant has already produced six versions of the DMG Plan; that the information is protected by attorney-client privilege, attorney work product doctrine, and is confidential and proprietary in nature; that the request

would add to the number of custodians from which Defendant is retrieving electronic data; and that the information these documents would provide is not relevant to the case. [Docket No. 38 at 9.]

Addressing Defendant's last point first, this information, describing the formation of the DMG Plan—which Defendant argues applies to Plaintiff instead of the STK Plan with an over $2 million difference in compensation to Plaintiff—is potentially quite relevant to this case. Providing this information will add to the number of custodians from which Defendant is retrieving electronic data and is no doubt inconvenient. However, because the information requested is altogether relevant, this added inconvenience cannot be considered unduly burdensome.

Defendant's claim that this information is privileged, confidential, and proprietary, is not well supported. On August 1, 2007, after Plaintiff filed the motion to compel and just prior to Defendant's response, Defendant provided Plaintiff with privilege and redaction logs. [Docket No. 38, Ex.16.] These logs, together with Defendant's response, do not clearly and specifically identify why Request No. 25—as a complete category—is privileged as claimed by Defendant.

Federal Rule of Civil Procedure 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the applicability of the privilege or protection.

The party asserting privilege has the burden of establishing the elements of privilege on a document-by-document basis. *Jones v. Hamilton County Sheriff's Dep't*, 2003 WL 21383332, at

*5 (S.D. Ind. 2003). Each document for which a party asserts privilege should be listed separately and should do the following: (1) identify the date; (2) identify the author and all recipients, along with their capacities; (3) describe the subject matter; (4) describe the purpose of the document's production (e.g. "responsive to Request No. 25"); and (5) provide a specific reason the document is privileged or immune from discovery. *Jones*, 2003 WL 21383332, at *4; *Allendale Mut. Ins. Co. v. Bull Data Systems*, *Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992). These categories, particularly the last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has established that the documents are privileged. *Allendale*, 145 F.R.D. at 88.

Defendant does not explain the capacities of the senders and receivers of the communications in the privilege and redaction logs nor does it give sufficient descriptions of the subjects of the communications.[2] Defendant also fails to identify the request to which each document is responsive nor a specific reason why each document is privileged or immune from discovery. Thus, Defendant's claim that material responsive to Request No. 25 is protected by attorney-client privilege and confidential is thus far unfounded. Defendant shall provide to Plaintiff a revised privilege log and all material responsive to Request No. 25 not specifically described in the privilege log by October 1, 2007.

---

[2] For example, the first entry of the privilege log merely provides that a communication is from Lori Middlehurst and to Dale Boland and the subject is "Fwd. David Lawson." [Docket No. 38, Ex. 16, at 2.] Without further explanation, the Court can ascertain no reason why this message is not discoverable. Even those subject descriptions marked "confidential" are not clearly privileged because the Court has been given no explanation and no knowledge of the sender and receiver. [Docket No. 38, Ex. 16, at 3.] Likewise, in the redaction log, entries such as "Contains other candidate names—not relevant and confidential," may explain why Defendant does not want to give the information but not why the information is privileged. [Docket No. 38, Ex. 16, at 11.]

Regarding the scope of the request, Plaintiff's definition of "Communications" is too broad, unrealistically asking for not only correspondence, emails, and documents, but also contact, discussion, telephone conversations, conferences, and face-to-face conversations. Defendant obviously need only provide Plaintiff with information already in some form of media—written, recorded, etc.

Plaintiff and Defendant also dispute the format in which Defendant has provided Plaintiff with electronically stored material.  Plaintiff asks that "the Court order [Defendant] to comply with Fed. R. Civ. P. 34(b)(ii) by making these materials available in their native format." [Docket No. 33 at 10.]  Defendant points out that, unless otherwise specified, Rule 34(b)(ii) requires that information produced need only be in a "reasonably usable" form and that "a party need not produce the same electronically stored information in more than one form."  [Docket No. 38 at 13 (quoting Rule 34(b)(ii)-(iii)).]  Defendant argues that Plaintiff did not designate the form of production until July 17, 2007, several months after Defendant had produced a substantial amount of documents in hard copy form, and that starting the process of producing these documents in a different format would not be simple.  [Docket No. 38 at 13-14.]  However, Plaintiff has provided documentation indicating that it requested Defendant to provide electronically stored information in electronic format on January 17, 2007.  [Docket No. 39, Part 4.]  Defendant served its initial discovery responses on May 8, 2007, several months after Plaintiff's format request was made.  While Plaintiff did not specify the desired format in Plaintiff's First Request for Production to Defendant sent April 5, 2007, [Docket No. 33, Ex. A], the letter it sent Defendant in January should nonetheless have provided Defendant sufficient notice of the form desired by Plaintiff.  Defendant has not indicated to the Court that it objected

8

to Plaintiff's format request before proceeding to produce documents to Plaintiff in a format contrary to that requested by Plaintiff. Furthermore, Defendant has provided no reason for not producing the electronically stored documents in electronic format other than inconvenience and Defendant's mistaken belief that Plaintiff's format request came after Defendant had begun production. Therefore, Defendant shall produce to Plaintiff all electronically stored information in electronic format.

**III.   Conclusion**.

The Court GRANTS in part and DENIES in part Plaintiff's motion to compel [Docket No. 32.] Defendant shall produce or supplement discovery responses to Plaintiff on all requests, including Request Nos. 13, 14, and 25. All electronically stored information shall be produced to Plaintiff in electronic format. However, the term "communications" shall be limited to information already in some form of media. The Court GRANTS in part and DENIES in part Defendant's motion for additional time, [Docket No. 34], giving Defendant until October 1, 2007 (rather than November 15, 2007), to produce or supplement all responses to Plaintiff. The parties shall be prepared on October 15, 2007, to discuss any remaining discovery disputes, though the Court encourages counsel to discuss any such issues in advance of the conference so as to avoid unnecessary disputes.

Dated:  September 4, 2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.koontz@odnss.com