UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID R. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0196-RLY-TAB |
| | ) | |
| SUN MICROSYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER FOLLOWING *IN CAMERA* REVIEW**

As noted in a prior entry [Docket No. 94], Defendant contends that the Plaintiff improperly accessed password-protected electronic files containing attorney-client materials Defendant produced to Plaintiff in discovery. Plaintiff has denied any wrongdoing. In compliance with this prior entry, Plaintiff produced for *in camera* inspection documents exchanged between Plaintiff and his former law firm regarding Plaintiff's efforts to access or review these password-protected documents. The parties dispute whether these documents should be produced to the Defendant.

Plaintiff contends that the documents are protected from disclosure by the attorney-client privilege. [Docket No. 96.] Defendant's two-pronged response asserts that Plaintiff waived the attorney-client privilege: (1) by injecting discovery misconduct into the litigation; and (2) based upon the crime/fraud exception. The Court has reviewed the documents and finds that, subject to some redactions, the documents shall be produced to the Defendant.

While the Court endeavors to respect and uphold the attorney-client privilege, Defendant correctly points out that this privilege is not absolute or unlimited in scope. Plaintiff admits that

he accessed password-protected documents, but he contends that in doing so he did not act improperly or, presumably even if he did, his actions were taken in good faith and with the approval of his counsel. Plaintiff's position necessarily raises questions about discussions between Plaintiff and his counsel (or more specifically, his former counsel, who sought and were given leave to withdraw) regarding the propriety of accessing the password-protected documents. As a result, there has been an implicit, limited waiver of the attorney-client privilege. Fundamental fairness requires that the attorney-client privilege give way to Defendant's legitimate need to uncover the truth as to Plaintiff's alleged misconduct. *Cf. Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("We note that the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."); *Blackhawk Molding Co. v. Portola Packaging, Inc.*, 2004 WL 2211616, at *1 (N.D. Ill. 2004) (discussing the advice-of-counsel defense); *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 149 F. Supp. 2d 659, 662-64 (S.D. Ind. 2001) (same).

      The documents submitted for *in camera* review consist of three email chains along with letters exchanged between counsel. As the letters already were exchanged between counsel, their production is not at issue. As for the emails, Ex. A contains no substantive attorney-client communications. Thus, Plaintiff's attempt to protect this document's disclosure based upon the attorney-client privilege falls short. This document shall be produced to the Defendant. To facilitate this, Ex. A is attached to this entry.

      The emails marked as Exs. B and C have more substance, and do contain attorney-client communications. However, as discussed, the discovery misconduct alleged in this case results in an implicit, limited waiver of the attorney-client privilege to permit the Defendant (and

ultimately the Court) to examine the facts related to Plaintiff's alleged misconduct.  Defendant's allegations of discovery abuse are not fanciful; Plaintiff has admitted he accessed password-protected documents produced in discovery, but the parties vigorously disagree as to whether Plaintiff's conduct was improper under the particular facts of this case.  To unearth what actually transpired with regard to Plaintiff accessing these files, and any role his former counsel may have played in this process, relevant portions of the disputed emails must be produced.  While this necessarily encroaches upon the attorney-client privilege, any such intrusion has been minimized by the Court's *in camera* review of the documents.  Moreover, the attorney-client information produced by way of this entry is not particularly sensitive and does not reveal any of Plaintiff's strategies.

      Based upon the *in camera* review, the Court concludes that not all of the communications contained in Exs. B & C are relevant to the dispute at hand.  Therefore, Exs. B and C need only be produced in redacted form.  To facilitate production, redacted copies of Exs. B and C are attached to this entry.[1]

      Dated: 02/26/2009

                                                          Tim A. Baker
                                                           United States Magistrate Judge
                                                           Southern District of Indiana

---

[1] Based upon the implied waiver discussed above, the Court need not address the crime/fraud exception.

Copies to:

John Michael Antrim
CHURCH CHURCH HITTLE & ANTRIM
antrim@cchalaw.com

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.koontz@odnss.com

Alexander Phillip Pinegar
CHURCH CHURCH HITTLE & ANTRIM
apinegar@cchalaw.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com