UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID R. LAWSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-196-RLY-TAB |
| | ) | |
| SUN MICROSYSTEMS, INC., | ) | |
|     Defendant. | ) | |

**ENTRY ON HOOVER HULL, LLP'S FED. R. CIV. P. 72(b) OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SANCTIONS and HOOVER HULL LLP'S REQUEST FOR ORAL ARGUMENT**

On October 16, 2009, Magistrate Judge Tim Baker issued a Report and Recommendation on Defendant's Motion for Sanctions, recommending, *inter alia*, that Plaintiff's then-counsel, Mr. Burke and Mr. Hull of the law firm of Hoover Hull LLP ("Hoover Hull"), be sanctioned in the amount of $13,625.00 pursuant to the court's inherent power. Hoover Hull promptly filed an objection under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), contending that Magistrate Judge Baker erred as a matter of law because he expressly determined that the Hoover Hull attorneys did not engage in willful misconduct or act in bad faith, a necessary finding to support an award of sanctions under the court's inherent power. Hoover Hull also filed a request for oral argument. For the reasons set forth below, the court **SUSTAINS** Hoover Hull's objection, and **DENIES as MOOT** Hoover Hull's request for oral argument.

1

**I.     Background**

For purposes of this motion, the facts are not in dispute. However, in order to give the reader an understanding of Magistrate Judge Baker's ruling, the court restates the facts material to Hoover Hull's objection below. For a more thorough review of the facts, the court refers the reader to Magistrate Judge Baker's Report and Recommendation. (Docket # 136).

- On October 2, 2007, Defendant's counsel produced massive amounts of electronically stored information ("ESI") to Plaintiff's counsel, Mr. Burke. (Report and Recommendation ("R&R"), Docket # 136, at 5). Defendant's counsel indicated that some of the information was password protected to protect certain privileged information. (*Id*.).

- Plaintiff was involved in the document review process. (*Id*. at 6).

- On November 2, 2007, Plaintiff sent Mr. Burke an email (which he copied to Mr. Hull) with the subject line, "Password protected files – Unlocked!" (*Id*. at 19, 22). The body of the email states that Plaintiff "successfully unlocked most of the password protected files." (*Id*.).

- On November 4, 2007, Plaintiff sent Mr. Burke an email containing a reference to "Schlager's unlocked documents." (*Id*. at 9, 19).

- Magistrate Judge Baker found that neither Mr. Burke or Mr. Hull read these emails. He explained:

    While Hull and Burke's failure to review, read, and respond

2

>to [Plaintiff's] November 2 and November 4, 2007, emails on this topic is alarming and not without consequence, there is no basis to believe that Hoover Hull or its attorneys had actual knowledge of what [Plaintiff] had done or intentionally failed to disclose [Plaintiff's] actions to Sun.

(*Id.* at 38).

- In the analysis section of his Report and Recommendation, Magistrate Judge Baker again discussed Mr. Burke's and Mr. Hull's failure to read the November 2 and 4, 2007, emails, and stated:

    >The failure by Burke and Hull to read these emails – or even just look at the November 2 subject line – is unacceptable. Indiana Rule of Professional Conduct 1.4 imposes upon attorneys a responsibility to communicate with their clients. Burke emailed Lawson on many prior occasions, reasonably leading Lawson to believe that email was an effective mode of communication for case-related purposes. Despite this fact, Burke and Hull devised a discovery plan that charged Lawson with responsibility reviewing and prioritizing Sun's ESI discovery responses, including password-protected documents, yet then ignored two critical emails regarding that discovery. This approach was blatantly careless . . . .
    >
    >                    *   *   *
    >
    >Despite their carelessness, there is no evidence to suggest that Burke and Hull's conduct amounted to bad faith . . . .

    (*Id.* at 47-48).

- Magistrate Judge Baker further found that "[Defendant] has not sufficiently demonstrated what harm resulted from [Plaintiff's] conduct . . . As for the password-protected documents, the Magistrate Judge has reviewed them and gathers that they essentially outline the chronology of events, the

3

>    various contracts and sales incentive plans, what [Defendant] has paid [Plaintiff], and some analysis of this information. Most, if not all of the underlying information has been or could be obtained by [Plaintiff] through discovery. (*Id.* at 44).
>
> • Magistrate Judge Baker found, however, that Mr. Burke and Mr. Hull should be required to pay 25% of the adjusted "reasonable" expenses incurred by Defendant in bringing its sanctions motion – (25% of $54,500.00) – or $13,625.00.

## II.   Standard of Review

Because the grant or denial of a motion for sanctions constitutes a dispositive matter, this court's review of the Report and Recommendation is governed by FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED.R.CIV.P. 72(b)(3). Similarly, 28 U.S.C. § 636(b)(1)(C) provides that, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."

## III.  Discussion

Defendant advances three arguments in support of its request for sanctions against Mr. Burke and Mr. Hull. First, Defendant argues that Magistrate Judge Baker found Mr.

4

Burke's and Mr. Hull's conduct to be "wanton," thereby warranting sanctions under the court's inherent power. Second, Defendant argues that the court may use its inherent power to sanction Mr. Burke and Mr. Hull because, it contends, they violated Rule 1.4 of the Indiana Rules of Professional Conduct. Finally, Defendant argues that it suffered harm as a result of Plaintiff's accessing password-protected data.

### A. Inherent Power

"A court, under its inherent powers, may sanction conduct that it finds to be an abuse of the judicial process." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). Under prevailing law, this requires a finding that the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Id.* (internal quotations and citations omitted); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) ("the trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers."); *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003) ("the assessment of fees against counsel under the inherent powers of the court is permitted only when there is a finding of willful disobedience or bad faith"). Negligence is not enough. *Maynard*, 332 F.3d at 471 ("[t]here is no authority under the Rules or under the inherent powers of the court to sanction attorneys for mere negligence").

Defendant's argue that Mr. Burke's and Mr. Hull's conduct can be appropriately

characterized as "wanton." The Black's Law Dictionary definition of "wanton" is:

> Unreasonably or maliciously risking harm while being utterly indifferent to the consequences. In criminal law, *wanton* usually connotes malice (in the criminal-law sense), while *reckless* does not. Cf. Reckless; Willful.
>
> Wanton differs from reckless both as to the actual state of mind and as to the degree of culpability. One who is acting recklessly is fully aware of the unreasonable risk he is creating, but may be trying to avoid it and is indifferent to whether harm results or not. Wanton conduct has been properly characterized as 'vicious' and rates extreme in the degree of culpability. The two are not mutually exclusive. Wanton conduct is reckless plus, so to speak. Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 879-80 (3d ed. 1982).

BLACK'S LAW DICTIONARY 1576 (7th ed. 1990) (italics in original).

Based upon the findings in Magistrate Judge Baker's Report and Recommendation, which are not in dispute, framing Mr. Burke's and Mr. Hull's conduct as "wanton" is not an accurate description. Indeed, Magistrate Judge Baker specifically found that Mr. Burke and Mr. Hull did not intentionally fail to disclose Plaintiff's conduct and did not act in bad faith. Instead, Magistrate Judge Baker found Mr. Burke and Mr. Hull were "careless" in supervising Plaintiff's activities and in failing to read or react to Plaintiff's two emails concerning password-protected ESI. Careless conduct does not equate to "wanton" conduct. The court is therefore compelled to find, as a matter of law, that Magistrate Judge Baker's findings do not support an award of sanctions under the court's inherent power in favor of Defendant.

### B.   Ethical Violation

Defendant also contends that Magistrate Judge Baker recommended that the court

use its inherent power to sanction Mr. Burke and Mr. Hull for violating Indiana Rule of Professional Conduct 1.4. It is true that, in describing what Magistrate Judge Baker concluded was careless conduct by Mr. Burke and Mr. Hull, Magistrate Judge Baker noted that Rule 1.4 imposes certain obligations upon attorneys in communicating with their clients. However, Magistrate Judge Baker did not analyze Mr. Burke's and Mr. Hull's conduct in light of the requirements of Rule 1.4, conclude that Mr. Burke and Mr. Hull violated this rule, or otherwise say anything to contradict his finding that the lawyers had not acted intentionally or in bad faith. Accordingly, Defendant's argument regarding Indiana Rule of Professional Conduct 1.4 is misplaced.

### C.    Harm

Finally, Defendant contends that it has been harmed as a result of Plaintiff's, Mr. Burke's, and Mr. Hull's abuse of the discovery process. Having read Magistrate Judge Baker's Report and Recommendation, the court understands Defendant's frustration. However, the fact remains that Magistrate Judge Baker specifically found that Defendant was not harmed because the password-protected documents accessed by Plaintiff contained factual information that could have been obtained by Plaintiff through discovery. (R&R at 44). The court can find no reason to upset that finding.

### D.    Request for Oral Argument

Having found that Hoover Hull's objection should be **SUSTAINED**, the court **DENIES as MOOT** Hoover Hull's request for oral argument.

## IV. Conclusion

For the reasons set forth above, the court **SUSTAINS** Hoover Hull LLP's FED. R. CIV. P. 72(b) Objection to the Magistrate Judge's Report and Recommendation on Defendant's Motion for Sanctions (Docket # 150). The Report and Recommendation is hereby **MODIFIED** to reflect that Mr. Burke and Mr. Hull should not be sanctioned pursuant to the court's inherent power. In addition, the court **DENIES as MOOT** Hoover Hull LLP's Request for Oral Argument (Docket # 151). The court is hopeful that its ruling today will end this collateral litigation once and for all, and that the parties will focus their efforts on resolving the merits of this case.

**SO ORDERED** this  8th  day of February 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

John Michael Antrim
CHURCH CHURCH HITTLE & ANTRIM
antrim@cchalaw.com

Douglas Denton Church
CHURCH CHURCH HITTLE & ANTRIM
dchurch@cchalaw.com

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

David K. Herzog
BAKER & DANIELS - Indianapolis
david.herzog@bakerd.com

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.koontz@odnss.com

Alexander Phillip Pinegar
CHURCH CHURCH HITTLE & ANTRIM
apinegar@cchalaw.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com

Daniel Ryan Roy
BAKER & DANIELS - Indianapolis
drroy@bakerd.com