UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID R. LAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-00196-RLY-MJD |
| ) | |
| SUN MICROSYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S BILL OF COSTS**

On August 29, 2012, the jury returned a verdict in favor of the Plaintiff on his breach of contract claim and awarded $1.5 million in damages. On December 14, 2012, the court denied Defendant Sun Microsystems, Inc.'s post-trial motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure and entered judgment on the jury verdict. Sun appealed, and, on June 30, 2015, the Seventh Circuit Court of Appeals reversed the court's judgment and ordered the court to enter judgment in Sun's favor. Sun, as the prevailing party, now moves for costs in the amount of $68,155.01 pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. For the reasons stated below, the court **GRANTS IN PART** Sun's Bill of Costs.

**I.    Legal Standards and Defendant=s Cost Requests**

Under Rule 54(d), "costs – other than attorney's fees – should be allowed to the

1

prevailing party." *See* Fed. R. Civ. P. 54(d). Taxable costs are enumerated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Whether or not to award specific costs is within the discretion of the court; however, "the Seventh Circuit has made clear that if the cost is listed in § 1920, a presumption exists that it will be taxed; conversely, if the cost is not listed in §1920, the court should exercise its discretion sparingly in taxing such a cost." *See Andrews v. Suzuki Motor Co., Ltd.*, 161 F.R.D. 383, 384 (S. D. Ind. 1995) (citing *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir. 1985)). Plaintiff, as the party objecting to the Defendant=s bill of costs, bears the burden of overcoming this presumption. *See Majeske v. City of Chicago*, No. 89 C 7262, 1999 WL 293881, *1 (N. D. Ill. April 9, 1999). In determining

whether to tax costs against the losing party, the court engages in a two-part inquiry: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (citing *Weeks v . Samsung Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1998)).

The amounts to which Defendant claims entitlement under Rule 54(d) and 28 U.S.C. § 1920 are as follows:

| | | |
|---|---|---|
| 1. | Fees of the Clerk | $350.00 |
| 2. | Fees for transcripts | $9,949.20 |
| 3. | Printing costs | $4,890.32 |
| 4. | Fees for witnesses | $6,765.78 |
| 5. | Costs of copies | $19,172.79 |
| 6. | Other costs | $27,026.92 |
| | Syncing of Plaintiff's videotaped depositions | $760.00 |
| | Scanning and exhibit costs for use in trial | $1,860.27 |
| | Kim Ebert travel expenses for pre-trial meeting | $572.65 |
| | Daily transcript costs from trial | $4,254.00 |
| | Video conference testimony during trial | $521.00 |
| | Appeal filing fee | $455.00 |
| | First Premium paid for supersedeas bond | $9,302.00 |
| | Second Premium paid for supersedeas bond | $9,302.00 |

Total                                                                                     $68,155.01

Since the filing of its Bill of Costs, Sun received a reimbursement of a portion of the premiums it paid for its supersedeas bond. Sun requests this portion of its Bill of Costs be reduced by $2,521.00. That request is **GRANTED**.

In addition, the Clerk of the Seventh Circuit Court of Appeals approved appellate costs in the amount of $504.00; that amount was included in its Mandate. (Filing No. 344). The Bill of Costs is therefore amended to add $504.00.

With the subtraction of the $2,521.00 supersedeas bond credit, and the addition of the $504.00 in appellate costs, Sun now seeks a grand total of $66,138.01 in costs.

**II.     Specific Objections**

    **A.     Deposition of Plaintiff Lawson**

Sun seeks reimbursement of its costs incident to conducting the depositions of Plaintiff. In total, Sun paid $5,957.20 to the court reporter for the deposition transcripts and $2,185.00 to the videographer.

        **1.     Fees Associated with Plaintiff's Deposition**

Plaintiff objects to the following fees associated with his three depositions:

(1) a finance charge of $30.31 listed on the invoice for Plaintiff's April 20, 2009, deposition;

(2) $15.00 for ASCII copies of depositions;

(3) $90.00 for handling charges;

(4) $30.00 for "courier-local delivery" charges;

4

      (5) $120.00 for exhibit binders, in addition to charges for the exhibits themselves;

      (6) $429.10 for scanning exhibits, in addition to charges for exhibits themselves;

      (7) $45.00 for "read & sign processing & prep fees";

      (8) $13.90 for exhibit tabs and sheet protectors;

      (9) $1,347.30 for a "final transcript"; and

      (10) $365.75 for two "rough disks."

(Filing No. 341-1 at ecf pp. 25, 27, 29).

      ASCII disks that are for the convenience of counsel are not recoverable. *See Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 980 (N.D. Ill. 2003). Sun does not explain the need for the ASCII disks in addition to the paper copies of Plaintiff's deposition transcripts; thus, the court assumes the ASCII disks were duplicative and provided for Sun's convenience. Therefore, Sun's request for the costs of the ASCII disks is **DENIED**.

      Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable. *Id*. (citing Court Reporters' Manual, ch. 20, pt. 20.9.4). Therefore, Sun's request, which includes delivering and handling charges in the amount of $120.00, and "processing & fees" in the amount of $45.00, is **DENIED**.

      Costs associated with deposition exhibit copies are not recoverable unless they are "'essential to understanding an issue in the case.'" *Menasha Corp. v. New Am. Mktg. Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *2 (N.D. Ill. July 31, 2003) (quoting *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002)).

Here, the court reporter invoiced Sun for black-and-white and color copies of exhibits, scanned copies of exhibits, exhibit binders, sheet protectors, and index tabs. (Filing No. 341-1 at ecf p. 25). The court agrees with Plaintiff that while Sun may be entitled to the costs for black-and-white and color copies of exhibits, Sun has not explained why scanned copies of the exhibits were necessary. *U.S. Fidelity & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011) (denying request for deposition exhibit copies because defendant had not shown why they were necessary). In addition, the court finds no support in § 1920 for the costs for "extras" such as exhibit binders, page protectors, and exhibit tabs. *Id*. at 925 (denying costs for "custom tabs, redwell folders, binders, binds, and a cd" because defendant "has not explained why such extras are necessary"); *Engate, Inc. v. Esquire Deposition Svsx. LLC*, 2006 WL 695650, at *5 (N.D. Ill. Mar. 13, 2006) (declining to award costs for "extras" such as "binding, tabbing and custom filing" because such expenses are not "necessary" within the meaning of § 1920). Sun's request for reimbursement for scanning exhibits ($429.10) and for exhibit tabs and sheet protectors ($13.90) is **DENIED**.

Lastly, Sun's request for the cost of Plaintiff's "final transcript," in addition to his "premium original" transcript, is duplicative and unnecessary, as is Sun's request for copies of "rough disks" of his deposition transcript. Sun's request for $1,347.30 as costs for the "final transcript," and Sun's request for $365.75 as costs for the "rough disks," are therefore **DENIED**.

6

### 2. Fees for the Videographer

Plaintiff objects to Sun's request for $2,185.00 for the videographer fees for Plaintiff's depositions. (Filing No. 341-1 at ecf pp. 24-29). In light of the fact that Plaintiff's deposition was also provided in written form, and there was no real risk he would not testify at trial, the court finds it was not reasonably necessary to have the Plaintiff's deposition in video form. *See Halasa v. ITT Educ. Servs., Inc.*, 1:10-cv-437-WTL-MJD, 2012 U.S. Dist. LEXIS 24664, at *9-10 (S.D. Ind. Feb. 27, 2012) (obtaining a video transcript for strategic purposes is not a necessary expense particularly where there was no risk the plaintiff would not testify at trial). Therefore, Sun's request for $2,185.00 is **DENIED**.

### B. Fees to Scrub Privileged Information

Plaintiff objects to Sun's request for $3,805.00 in costs to scrub privileged information from Plaintiff's computer. (Filing No. 341-1, at ecf p. 37). This cost was incurred so that Plaintiff could have full and equal access to the Electronically Stored Information ("ESI") produced from Sun that was on hard drives. The parties agreed to share the cost; Sun seeks recovery of its share of the cost.

The Federal Rules of Civil Procedure do not expressly provide for the recovery of e-discovery costs. Consequently, the costs of e-discovery may only be taxed if they fit within the confines of 28 U.S.C. § 1920(4), which allows for the recovery of "fees for the exemplification and the costs of making copies . . . ."

7

The Seventh Circuit briefly addressed the issue of e-discovery costs in *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). There, the Court held that the "costs for converting computer data into a readable format in response to plaintiffs' discovery requests" are recoverable under 28 U.S.C. § 1920(4). *Id.* at 591. That decision did not, however, identify what processes were involved, and, to date, the Seventh Circuit has not determined whether § 1920(4) allows for recovery of other services involving ESI. *See Chicago Bd. Options Exch., Inc. v. Int'l Securities Exch., LLC*, No: 07 CV 623, 2014 WL 125937, at *8 (N.D. Ill. Jan. 14, 2014) (noting the open question). Thus, the court seeks guidance from the decisions of other circuit courts and district courts in the Seventh Circuit. *Id.*

In *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, the prevailing party sought to recover costs for (1) collecting and preserving ESI; (2) processing and indexing ESI; (3) keyword searching of ESI for responsive and privileged documents; (4) converting native files to TIFF (Tag Image File Format); and (5) scanning paper documents to create electronic images. 674 F.3d 158, 167 (3rd Cir. 2012). The Third Circuit found that "only the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involving 'copying'" were recoverable as the costs of making copies under § 1920(4). *Id.* at 171. The Court reasoned that:

> Section 1920(4) does not state that all steps that lead up to the production of copies of materials are taxable. It does not authorize taxation merely because today's technology requires technical expertise not ordinarily

8

> possessed by the typical legal professional. It does not say that activities that encourage cost savings may be taxed. Section 1920(4) authorizes awarding only the cost of making copies.

*Id*. at 169. The Fourth Circuit found the *Race Tires* decision highly persuasive and concluded that the prevailing party was only entitled to the costs of "converting electronic files to non-editable formats, and burning the files onto discs." *Country Vitner v. N.C. v. E.&J. Gallo Winery*, 718 F.3d 249, 260 (4th Cir. 2013); *see also CSP Tech., Inc. v. Sud-Chemie AG*, No. 4:11-cv-00029-RLY-WGH, 2015 U.S. Dist. LEXIS 65722, at *10 (S.D. Ind. May 20, 2012) (citing *Hecker*, *Race Tires,* and *Country Vitner*, and denying recovery for document collection, password recovery, searching, data hosting/electronic storage services, and the fee for an e-discovery specialist).

The court finds the cost to scrub privileged information is not a cost subject to tax under § 1920(4). Although it was necessary to scrub the privileged material produced by Sun that was placed on Plaintiff's computer, the scrubbing of the privileged information was a step leading up to successful production of discoverable ESI material and, by implication, a step leading up to "making copies" of that material. It is not sufficiently linked to the copying process like, for example, the conversion of native files to TIFF. Sun's request for $3,805.00 is therefore **DENIED**.

  **C.**  **Costs Incidental to Depositions of Heidcamp, Auble, and Schlager**

Plaintiff objects to Sun's request for various costs incidental to the depositions of Sun witnesses Paul Heidkamp, Phil Auble, and Mark Schlager. (Filing No. 341-1, ¶ 10). The court will discuss each in turn below.

9

Mr. Heidcamp's deposition took place on December 15, 2010, in Deerfield, Illinois. Consequently, Sun's attorney, Mr. Ebert, located in Indianapolis, IN, incurred travel, meal, and hotel expenses totaling $906.16. Plaintiff objects because attorney expenses are not compensable under § 1920. *Great West Cas. Co. v. Lakeville Motor Express, Inc.*, No. 1:13-cv-198-WTL-MJD, 2015 U.S. Dist. LEXIS 57351, at *2 (S.D. Ind. April 30, 2015). Sun acknowledges that fact, but argues that he should be entitled to at least some of his expenses because Plaintiff noticed his deposition for Deerfield, Illinois, as a convenience to Mr. Heidcamp, who had changed employers. Sun seeks Mr. Ebert's costs reduced to a government rate, which equals $402.50. The court finds, under these circumstances, Sun should be reimbursed at the reduced rate.

Sun also agreed to reduce the expenses for Mr. Auble's deposition from $878.57 to $594.40, and to reduce the expenses for Mr. Schlager's deposition from $1,130.48 to $890.40. Plaintiff does not object to these reduced costs.

### D. Costs Associated with Attendance of Heidcamp, Auble, and Schlager at Trial

Plaintiff objects to the travel-related costs of Mr. Heidcamp, Mr. Auble, and Mr. Schlager. (Filing No. 341-1, ¶ 11). These costs include the cost for mileage and witness fees, lodging, and meals. Sun agrees to reduce its request for reimbursement as follows: (1) from $1,028.66 to $760.00 for Mr. Heidcamp; (2) $1,197.52 to $935.10 for Mr. Schlager; and (3) $1,134.67 to $1,038.10 for Mr. Auble. Plaintiff accepts Sun's proposed compromise.

### E. PACER Fees

Plaintiff disputes Sun's request for recovery of its $90.32 in PACER fees incurred in this case. (Filing No. 341-1, ¶ 12). Sun withdraws this portion of its request.

### F. Exemplification and Copying Costs

Plaintiff objects to Sun's request for reimbursement of costs for the exemplification and copies of papers necessarily used in this case in the amount of $19,172.79.[1] (Filing No. 341-1 at ecf p. 109). That equates to 134,760 black-and-white pages at $0.10 per page, and 7,596 color pages at $0.75 per page. Plaintiff argues Sun failed to provide adequate support for its request and, in any event, Sun's request for costs is excessive.

Copying charges are permissible where the copies "are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Thus, parties may recover the costs of copies attributable to discovery, pleadings, motions, and memoranda submitted to the court, but they may not recover the costs of making copies solely for the convenience of counsel. *Swan Lake Holdings, LLC v. Yamaha Golf-Car Co.*, No. 3:09-CV-228, 2011 U.S. Dist. LEXIS 52395, at *8-9 (N.D. Ind. May 13, 2011). "The prevailing party is 'not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs.'" *Id*. at *9 (quoting *Northbrook Excess &*

---

[1] Sun maintains its actual copying costs were $24,815.54; thus, Sun is not claiming all of its costs. (Filing No. 341-1, ¶ 13 & n.1).

11

*Surplus Ins. Co. v. Procter & Gamble*, 924 F.2d 633, 643 (7th Cir. 1991)).  Instead, he must "provide the best breakdown obtainable from retained records." *Id*.

In support of its request, Sun submitted a spreadsheet attached to the declaration of Sun's attorney, Kim E. Ebert.  The spreadsheet consists of four columns; date, quantity of copies, cost per page, and the total cost.  The spreadsheet did not identify the document being copied nor the reason why the copy was made – i.e., discovery, pleadings, various motions, etc.  (*See* Filing No. 341-1, Ex. A).  Mr. Ebert's supplemental declaration states that the "copying costs for which Sun is requesting reimbursement all occurred around times when major events took place in the case."  (Filing No. 354-1, ¶ 7).  The events he cites include, but are not limited to, documents copied for purposes of depositions, Sun's motion for summary judgment, a court-mandated settlement conference, a motion to reconsider Sun's motion for summary judgment, and trial.  (*Id*. ¶¶ 7-13).

Notwithstanding the supplemental declaration, the court is unable to discern which of Sun's copies were made for counsel's own use and which were necessary to the presentation of its case.  The court compared the spreadsheet with the docket, and the court is reasonably certain that most of these copies were for purposes of discovery, Sun's motion for summary judgment, and for trial.  Therefore, the court will award Sun 60% of its total copying costs, which amounts to $11,503.67.  *See Swan Lake*, 2011 U.S. Dist. LEXIS at *9-10 (awarding 50% of total copying costs where court could not determine from spreadsheet which copies were for the prevailing party's own use and which were made for discovery, pleadings, and the court's use).

12

G. **Syncing of Videotaped Deposition**

Plaintiff objects to Sun's request for $760.00 in costs for syncing Plaintiff's videotaped depositions to the transcripts. (Filing No. 341-1, ¶ 14(a)). Because the court denied Sun's request for costs associated with Plaintiff's videotaped deposition, the court **DENIES** this request as well.

H. **Counsel's Travel Costs to Prepare Witness**

Plaintiff objects to Sun's request for $572.65 in expenses incurred by Mr. Ebert to travel to Chicago to prepare Mr. Heidcamp for trial. Travel and other related expenses by attorneys and paralegals are not listed in § 1920 and therefore may not be reimbursed as costs. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997). Sun now withdraws this portion of its request.

I. **Daily Trial Transcripts**

Plaintiff objects to Sun's request to recover $4,254.00 charged by the court reporter for expedited and daily trial transcripts. (Filing No. 341-1, ¶ 14(d)). The invoice reflects that Sun ordered 460 pages at the daily rate of $7.25 per page, and an extra copy of 8 pages at a rate of $0.90 per page. (*Id*. at ecf p. 109). The invoice also reflects that Sun ordered 188 pages at the expedited rate of $4.85 per page. The expedited transcript appears to be the transcript of the last day of trial, which includes closing arguments. (*See* Filing No. 302).

Title 28, U.S.C. § 1920(2) permits the taxing of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The

13

term "necessarily" as used in this context means "no more than that the transcripts or copies [were] reasonably and prudently obtained – which depends on how things seemed when the expenditures were made, without benefit of hindsight." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 699 (7th Cir. 2014). Whether to tax costs for daily and expedited transcripts is within the discretion of the trial court. *Phillips v. Cameron Tool Corp.*, 131 F.R.D. 151, 153 (S.D. Ind. 1990) (citing *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 234 (1964)).

Plaintiff does not object to Sun's request for costs of the trial transcript; he objects to the *additional* costs for daily and expedited transcripts. Sun submits that daily and expedited transcripts were reasonable and necessary for purposes of assessing the credibility of witnesses, preparing closing argument, preparing a motion for judgment as a matter of law, and/or preparing post-trial motions.

The court agrees with Plaintiff that the costs for the daily transcripts were not necessary. Although Plaintiff sought approximately $1.5 million for breach of contract, there were no expert witnesses and six fact witnesses. Sun was familiar with the witnesses, the evidence, and their expected testimony, having moved for summary judgment. While witness credibility was important, the trial lasted only two and one-half days. In addition, Sun was represented by two seasoned attorneys, one of whom could take notes while the other was eliciting testimony. Sun's request for the daily copy rate for the first two days of trial is **DENIED**. Sun is entitled to the ordinary per page rate of

$3.65 per page. Federal Court Reporting Program, *Maximum Transcript Rates*, http://www.uscourts.gov/services-forms/federal-court-reporting-program.

Sun ordered the last day of trial on an expedited basis to prepare a post-trial motion for judgment as a matter of law. An expedited transcript requires a transcript to be complete and delivered within seven days after receipt of an order. *Id*. Here, Sun's motion was filed on October 5, 2012, approximately five weeks after the verdict. (Filing No. 307). Under these circumstances, the court finds Sun is entitled to the 14-day transcript rate of $4.25 per page, but not the expedited transcript rate of $4.85 per page.

### III. Conclusion

For the reasons explained above, Sun's Bill of Costs (Filing No. 341) is **GRANTED IN PART**. The court finds Sun is entitled to costs in the amount of $45,145.15 ($66,138.01 - $20,992.86).

**SO ORDERED** this 19th day of January 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.